(No. 76-CC-0822—

MARION ANDERSON, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed November 2, 1978.*

BARBARA J. HILLMAN, CORNFIELD & FELDMAN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Marion Anderson, has brought this action seeking to recover back pay for a period during which she was improperly discharged from her employment at the Andrew McFarland Zone Center of the Department of Mental Health and Developmental Disabilities of the State of Illinois. The sole issue in the case appears to be whether Claimant properly mitigated her damages during the period of her discharge.

On April 3, 1974, the Department of Mental Health and Developmental Disabilities of the State of Illinois discharged Claimant. Pursuant to the Personnel Code of the State of Illinois, Claimant appealed this decision, and on June 16, 1975, a judge of the Circuit Court for the Seventh Judicial Circuit of Illinois held her discharge improper and ordered her reinstated to her former position. Claimant was so reinstated on July 1, 1975.

The Claimant had been hospitalized on December 9, 1973, and was under a physician's care until June 11, 1974, when she was released by her doctor to return to work. Claimant computes the period for which she seeks damages for her wrongful discharge from June

11, 1974, to July 1, 1975, the date of her reinstatement. Claimant computes her lost salary during the period as $8,560.46.

On June 13, 1974, Claimant applied for Unemployment Compensation. She received 26 weeks of compensation, plus extended benefits, which totalled $2,280.00.

On June 18, 1974, Claimant applied for employment with the Springfield Mass Transit District. She was denied employment by the District, and subsequently filed a claim with the Fair Employment Practices Commission, contending that she was denied employment on racial grounds. On July 17, 1974, the Fair Employment Practices Commission ruled against Claimant.

Claimant testified that during the course of her discharge she also registered at the Illinois State Employment Service, and applied for cleaning work at retail stores. However, it appears that during the entire period of her discharge Claimant was unable to find employment.

This Court has long held that where a Civil Service Employee is illegally prevented from performing his duties, he is entitled to back salary if he is subsequently reinstated. However, he must do all in his power to mitigate his damages. *Cordes v. State, 24 Ill.Ct.Cl. 491; Bryant v. State, 25 Ill.Ct.Cl. 87.*

*In Schneider v. State, 22 Ill.Ct.Cl. 453, at 463*, this Court said:

"It is well settled in this State that a Claimant must do all in his power to mitigate damages, and we do not feel that Claimant has done what the law requires of him in mitigation and, in that regard, sitting as a jury, we have the right to fix the damages, and make an award, which we believe would be fair to all concerned. We are however, not bound by the bill of particulars, stipulation or answers to interrogatories, and can arrive at a figure in addition to the deductions made for other earnings . . .".

See also, *Sullivan v. State, 26 Ill.Ct.Cl. 117.*

Here the evidence before the Court shows that Claimant did make some effort to mitigate damages, in applying for work with the Springfield Mass Transit District, and at retail stores. However, the Court does not feel that these efforts, during the course of a one year period from June 11, 1974, to July 1, 1975, constituted a full effort by Claimant to mitigage her damages.

The Court also notes that during this period, Claimant received the sum of $2,880.00 in unemployment compensation, which must be deducted from the amount Claimant would have earned had she remained in State employment in computing the amount of damages to which she may be entitled.

The Court feels that for the foregoing reasons, Claimant should be awarded the sum of $2,500.00, as compensation for her wrongful discharge.

It is therefore ordered that Claimant is, and hereby is awarded the sum of $2,500.00